People v Chambers (2019 NY Slip Op 00616)





People v Chambers


2019 NY Slip Op 00616


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-09813
 (Ind. No. 31/16)

[*1]The People of the State of New York, respondent,
v
Brian Chambers, appellant.


Paul Skip Laisure, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), rendered August 22, 2016, convicting him of reckless endangerment in the first degree, reckless endangerment in the second degree, reckless driving (two counts), criminal mischief in the fourth degree (three counts), obstructing governmental administration in the second degree (two counts), and leaving the scene of an incident without reporting (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of charges related to two incidents involving high speed chases through the streets of Staten Island as the defendant attempted to evade the police. With respect to the second incident, the defendant was convicted, inter alia, of reckless endangerment in the first degree. During that incident, the defendant fled from the police at night through mixed commercial-residential neighborhoods, consistently driving well above the speed limit and violating numerous traffic rules. The testimony of the pursuing police officers established that, during the lengthy pursuit of approximately 5.5 miles through city streets, the defendant's vehicle struck a police vehicle, the defendant drove through numerous stop signs and red lights at dangerously excessive speeds, and he repeatedly drove in the opposing lane of travel. The police officers further testified that the defendant caused pedestrians and other automobiles to leave the road to avoid being struck, that his vehicle sideswiped two additional moving vehicles, and that he drove down the middle of a narrow, winding, two-lane road, causing vehicles traveling in both directions to move out of his way to avoid his vehicle.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of reckless endangerment in the first degree (Penal Law § 120.25) beyond a reasonable doubt (see People v Williams, 150 AD3d 1273; People v Walker, 258 AD2d 541). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict [*2]of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant correctly contends that the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) was an improvident exercise of discretion. In addition, the court should not have permitted the prosecutor to elicit testimony from an off-duty police officer, who drove one of the vehicles that the defendant's vehicle sideswiped, that she was pregnant at the time of the second incident. This information was irrelevant to any issue at trial and should have been excluded (see People v Holiday, 142 AD3d 625). However, these errors were harmless. There was overwhelming evidence of the defendant's guilt, and no significant probability that the errors contributed to his convictions (see People v Grant, 7 NY3d 421, 424; People v Crimmins, 36 NY2d 230; People v Goodwin, 95 AD3d 1357).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court